Case 4:20-cv-02098 Document 19 Filed on 11/05/20 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
November 05, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEAN WHITE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.: 4:20-cv-02098 |
| | § | |
| DISTRICT ON HIGHLAND VILLAGE, LLC, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

This Americans with Disabilities Act accessibility case is before the Court on Defendant District on Highland Village, LLC's Motion to Dismiss Under Rule 12(b)(1) for Judgment on the Pleadings and Motion for Attorney Fees Under 28 U.S.C. § 1927. ECF 13.[1] Having considered the parties' filings and the law, the Court recommends the motions be DENIED.

### I. Background

White alleges that in January 2020 he attempted to shop at Plants 'N Petals at 3810 Westheimer Rd., Houston, TX 77097 but was denied access because the store lacks designated handicapped parking. White filed this suit pursuant to Title III of the ADA, which provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by

---

[1] The District Court referred this case to this Magistrate Judge for pretrial management. ECF 14.

1

any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). Implementation of the ADA is governed by ADA Accessibility Guidelines (ADAAG) set forth in 28 C.F.R. part 36, App. A. Pursuant to this statutory scheme, White seeks declaratory and injunctive relief and attorney fees.[2]

White initially sued RAH Investments, Inc. (RAH). RAH told White's counsel it did not own the subject property so White voluntarily dismissed RAH and filed a First Amended Complaint against District on Highland Village LLC (DHV). ECF 7, 8, 11. DHV now moves to dismiss the First Amended Complaint on grounds that it too, is neither the owner nor operator of the property. DHV further seeks sanctions in the form of an award of attorney's fees on grounds that White's counsel filed a frivolous lawsuit in violation of Federal Rule of Civil Procedure 11 when a quick search of public records would have revealed DHV is not the owner or operator of Plants 'N Petals.

## II. Rule 12(b)(1) Analysis

DHV contends that White lacks standing to sue DHV for violation of Title III of the ADA because it does not own, lease, or operate Plants 'N Petals at 3810 Westheimer Rd. As DHV repeatedly argues, "[t]he irreducible constitutional minimum of standing contains three elements": (1) an actual concrete and particularized injury; (2) that is "fairly traceable" to the conduct of the defendant and not a third party; and (2) the injury is likely

---

[2] District on Highland Village (DHV) also contends that there was plenty of parking available close to the store so White was not actually hindered from shopping there, ECF 13, and also represents that since the filing of this action Plants 'N Petals has added a dedicated handicapped parking spot. ECF 16. DHV does not offer any legal authority supporting dismissal of White's claims for these reasons at the pleading stage. However, these facts indicate the only potential remedy remaining in this case is attorney's fees.

to be redressed by a favorable decision). *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "Standing is a component of subject matter jurisdiction." *HSBC Bank USA, N.A. as Tr. for Merrill Lynch Mortg. Loan v. Crum*, 907 F.3d 199, 202 (5th Cir. 2018). Therefore, DHV brings its motion to dismiss White's ADA cause of action pursuant to Federal Rule of Civil Procedure 12(b)(1).

When assessing jurisdiction, the court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). It is the plaintiff's burden to establish jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Here, the Court bases its Rule 12(b)(1) decision on the First Amended Complaint, evidence submitted by DHV, and judicial notice of public records. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (noting the district court appropriately took judicial notice of public records in ruling on a motion to dismiss).

DHV has submitted evidence from the Texas Secretary of State showing that Plants 'N Petals is a Texas corporation with its mailing address and registered office at 3810 Westheimer Rd., Houston, TX 77027. ECF 13-3. The registered agent for Plants 'N Petals is Behrouz Hakakian. *Id.* Additional evidence from the Texas Secretary of State shows that DHV is a Texas limited liability corporation with its mailing address and registered office at 1 N. Sampson St., Houston, TX 77003. ECF 13-4. The registered agent for DHV is Ebrahim Hakakian. *Id.* DHV also has submitted a "Special Warranty Deed" which indicates that on August 8, 2019, before this suit was filed, River Oaks Highland, LLC

transferred a 15% interest in the parcel of land on which Plants 'N Petals is located to Avi & Suzanne Ron 2012 Children's Trust. ECF 13-5. DHV appears to argue that the Special Warranty Deed dated August 8, 2019 establishes that River Oaks Highland, LLC, not DHV, owns the property. In response, White notes that the Special Warranty Deed indicates River Oaks Highland transfered a 15% interest in a five million dollar parcel of land to the Avi & Suzanne Ron Children's Trust for ten dollars, and that "Abraham (Ebrahim) Hakakian is the co-owner [with Avi Ron] of River Oaks Highland, LLC," facts which he argues indicate the "Defendants are playing a sophisticated shellgame using shell companies to hide assets." ECF 15 at 4.

Despite the August 8, 2019 Special Warranty Deed by which River Oaks Highland, LLC tranfered a 15% interest in the land to a children's trust, DHV has presented no evidence demonstrating it held no ownership interest in the property in January 2020 when Plaintiff is alleged to have been denied access to Plants 'N Petals. In fact, the Special Warranty Deed does not even demonstrate that DHV transferred its interest to River Oaks Highland, LLC—only that River Oaks transferred a 15% interest to a children's trust. In addition, 2020 records from the Harris County Appraisal District show that the owners of the land at 3810 Westheimer Rd. are "RAH Investments Inc. et al District on Highland Village LLC 4808 Gibson St. 3rd Flr Houston TX 77007-5480." *See* https://hcad.org/property-search/real-property/real-property-search-by-address/ (last visited Nov. 1, 2020). The owners of the improvements at 3810 Westheimer Rd. are "Hakakian Ebrahim & Behrouz 3810 Westheimer Rd. Houston TX 77027-5004." *Id.* Thus, the only conclusions the Court can draw from the record before it are that (1) Plants

'N Petals, Inc. is a separate corporation from DHV, RAH Investments, Inc., or River Oaks Highland, LLC.; (2) Behrouz Hakakian is the registered agent for Plants 'N Petals, Inc.; (3) Ehrahim and Behrouz Hakakian own a building at 3810 Westheimer Rd.; (4) RAH Investments, Inc. et al, District on Highland Village LLC (DHV) are identified as owners of real property located at 3810 Westheimer for the tax year 2020; and (5) in August 2019 River Oaks Highland transferred a 15% interest in the parcel at 3810 Westheimer to a children's trust.

The First Amended Complaint asserts that DHV "controls, manages, and leases the real estate, property, and improvements in Houston, Texas where a business named Plants N Petals Garden Store operates." ECF 7. The Harris County Appraisal District records indicate this allegation is true to the extent that DHV is listed as an owner or partial owner of the land on which the store and/or parking lot is located. DHV does not argue or offer any authority for the proposition that the owner of land on which a business operates is not a proper defendant in an ADA accessibility lawsuit. Thus, it would be premature to dismiss this case without jurisdictional discovery, or prior to summary judgment on the issue of ownership of the land and the merits of White's accessibility claim.

### III. Conclusion and Recommendation

For the reasons state above, the Court RECOMMENDS that Defendant DHV's Motion to Dismiss be DENIED. Because the Court recommends denying the Motion to Dismiss, it also RECOMMENDS the Motion for Sanctions be DENIED.

Signed on November 05, 2020, at Houston, Texas.

_____
Christina A. Bryan
United States Magistrate Judge